# No. 25-___

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

In re DIAVION DE NIRO,
individually and on behalf of all others similarly situated,

*Petitioner*,

v.

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA,

*Respondent*,

and

ARISE VIRTUAL SOLUTIONS, INC.,

*Real Party in Interest.*

**On Petition for a Writ of Mandamus to the United States District Court for
the District of Nevada (No. 2:24-cv-00695-APG-EJY)**

### PETITION FOR A WRIT OF MANDAMUS

Shannon Liss-Riordan
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116
(617) 994-5800
sliss@llrlaw.com

*Counsel for Petitioner*

# TABLE OF CONTENTS

I.      INTRODUCTION ....................................................................1

II.     JURISDICTIONAL STATEMENT ................................9

III.    RELIEF SOUGHT................................................................10

IV.     ISSUE PRESENTED .........................................................10

V.      FACTUAL BACKGROUND .........................................11

VI.     ARGUMENT........................................................................14

   A.    Petitioner Has No Other Adequate Means of Seeking the Issuance of Notice to Arise's Employees with FLSA Claims ...................................16

   B.    The Issue Petitioner Raises Concerns Notice at the Outset of FLSA Litigation and Is Thus Not Correctable on Appeal ....................................17

   C.    In Addressing Arbitrability Before Considering Whether Notice Should Be Issued, the District Court Erred by Failing to Consider Arise's Chronic Avoidance of FLSA Enforcement ....................................19

   D.    The District Court's Order Denying Notice Perpetuated a Pattern of Arise Evading FLSA Enforcement ...........................................26

   E.    Petitioner Is Raising an Important Issue of First Impression....................27

VII.    CONCLUSION...........................................................................29

# TABLE OF AUTHORITIES

**Cases**

*Ali v. Sugarland Petroleum*,
  2009 WL 5173508 (S.D. Tex. Dec. 22, 2009)....................................................21

*Barone v. LAZ Parking Ltd., LLC*,
  2019 WL 5328832 (D. Conn. Oct. 20, 2019)........................................ 21, 22, 25

*Bauman v. U.S. Dist. Ct.*,
  557 F.2d 650 (9th Cir. 1977) ................................................................................14

*Bell v. Arise Virtual Sols., Inc.*,
  No. 4:21-cv-00538 (W.D. Mo. 2021) ....................................................................13

*Bigger v. Facebook, Inc.*,
  947 F.3d 1043 (7th Cir. 2020) ..............................................................................20

*Brooklyn Sav. Bank v. O'Neil*,
  324 U.S. 697 (1945) ...............................................................................................18

*Brooks v. C.H. Robinson Int'l, Inc.*,
  2017 WL 10506772 (W.D. Mo. May 9, 2017).....................................................22

*Cleveland v. Arise Virtual Sols., Inc.*,
  No. 0:11-cv-61405 (S.D. Fla. 2011) .....................................................................13

*Cole v. U.S. Dist. Ct. for Dist. of Idaho*,
  366 F.3d 813 (9th Cir. 2004) ................................................................................16

*Cuevas v. ConAm Mgmt. Corp.*,
  2019 WL 5320544 (S.D. Cal. Oct. 21, 2019)......................................................21

*D'Antuono v. C & G of Groton, Inc.*,
  2011 WL 5878045 (D. Conn. Nov. 23, 2011) ........................................ 21, 23, 25

*Davis v. Four Seasons Hotel Ltd.*,
  2011 WL 4590393 (D. Haw. Sept. 30, 2011) ......................................................22

*Davis v. NovaStar Mortg., Inc.*,
  408 F. Supp. 2d 811 (W.D. Mo. 2005) .................................................................22

*Diamond Dolls of Nev., LLC*,
 2020 WL 8771230 (D. Nev. Sept. 22, 2020)......................................................21

*Dowell v. Arise Virtual Sols., Inc.*,
 No. 0:12-cv-61947 (S.D. Fla. 2012)..................................................................13

*Fernandez v. Tox Corp.*,
 2023 WL 4141067 (C.D. Cal. June 15, 2023).....................................................21

*Flores v. Swift Transp. Co.*,
 2014 WL 12639089 (C.D. Cal. Oct. 30, 2014)...................................................21

*Gillespie v. Cracker Barrel Old Country Store Inc.*,
 2021 WL 5280568 (D. Ariz. Nov. 12, 2021).......................................................19

*Greene v. Omni Limousine, Inc.*,
 2019 WL 2503950 (D. Nev. June 15, 2019).................................................. 21, 22

*Harrington v. Cracker Barrel Old Country Store, Inc.*,
 142 F.4th 678 (9th Cir. 2025) ..................................................................... passim

*Harris v. Deatrick v. Securitas Sec. Servs. USA, Inc.*,
 2014 WL 5358723 (N.D. Cal. Oct. 20, 2014).....................................................21

*Hoffmann-La Roche Inc. v. Sperling*,
 493 U.S. 165 (1989) ................................................................................... passim

*In re Cement Antitrust Litig.*,
 688 F.2d 1297 (9th Cir. 1982) ................................................................... 15, 16

*In re Mersho*,
 6 F.4th 891 (9th Cir. 2021) ...............................................................................15

*In re Ozenne*,
 841 F.3d 810 (9th Cir. 2016) .............................................................................10

*In re United States*,
 791 F.3d 945 (9th Cir. 2015) ................................................................ 6, 14, 16, 27

*Kasten v. Saint-Gobain Performance Plastics Corp.*,
 563 U.S. 1 (2011)...............................................................................................24

*Mitchell v. Robert DeMario Jewelry, Inc.*,
   361 U.S. 288 (1960) ........................................................24

*Perry v. AT&T Mobility & Arise Virtual Sols., Inc.*,
   No. 4:11-cv-01488 (N.D. Cal. 2011) ...............................13

*Reyna v. Int'l Bank of Com.*,
   839 F.3d 373 (5th Cir. 2016) ...........................................12

*Richards v. Eli Lilly & Co.*,
   2025 WL 2218500 (7th Cir. Aug. 5, 2025)................... 16, 17

*Rittmann v. Amazon, Inc.*,
   2024 WL 4932745 (W.D. Wash. Dec. 2, 2024)........... passim

*San Jose Mercury News, Inc. v. U.S. Dist. Ct.-N. Dist. (San Jose)*,
   187 F.3d 1096 (9th Cir. 1999) ...................................... 15, 19

*Sanchez v. Simply Right, Inc.*,
   2017 WL 2230079 (D. Colo. May 22, 2017) ....................22

*Saravia v. Dynamex, Inc.*,
   310 F.R.D. 412 (N.D. Cal. 2015).....................................21

*Smith v. Spizzirri*,
   601 U.S. 472 (2024) ........................................................16

*Sperling v. Hoffmann-La Roche, Inc.*,
   118 F.R.D. 392 (D.N.J. 1988) ..................................... 21, 24

*Su v. Arise Virtual Sols., Inc.*,
   0:23-cv-61246 (S.D. Fla. 2023).........................................2

*Villatoro v. Kim Son Restaurant, L.P.*,
   286 F. Supp. 2d 807 (S.D. Tex. 2003) ............................22

*Whittington v. Taco Bell of Am., Inc.*,
   2011 WL 1772401 (D. Colo. May 10, 2011).....................22

*Zeman v. Twitter, Inc.*,
   747 F. Supp. 3d 1275 (N.D. Cal. 2024).................... 3, 12, 21

iv

**Statutes**

28 U.S.C. § 1291 ...................................................................................6, 16

28 U.S.C. § 1292 ......................................................................... 6, 13, 16, 17

28 U.S.C. § 1331 .............................................................................................9

28 U.S.C. § 1651 ...........................................................................................10

29 U.S.C. § 201 ............................................................................................10

29 U.S.C. § 216 .......................................................................................7, 21

**Rules**

FRAP 21 ........................................................................................................10

## I.    INTRODUCTION

In this case, Plaintiff-Petitioner Diavion De Niro requests that this Court intervene to address a particularly important issue of law and redress a decade-plus effort by Defendant-Respondent Arise Virtual Solutions, Inc. ("Arise") to keep its employees in the dark about the fact that they have viable claims that they have been misclassified as independent contractors and have thereby been deprived of minimum wages to which they are entitled under the Fair Labor Standards Act ("FLSA").

Arise provides customer service phone and online support for businesses, such as Disney, Comcast, TurboTax, and many other major companies through a workforce that works remotely from home. Arise calls the workers who provide these services "Customer Support Professionals" ("CSPs"). Arise has boomed in recent years, particularly since the pandemic, as many workers have been seeking remote work-from-home opportunities. Arise advertises its services to its client companies as a way of avoiding the costs of having employees.

Although Arise exerts extensive control over its CSPs, it misclassifies them as independent contractors. Through this misclassification, Arise fails to pay them for much of the work they perform, including pay for training—and indeed, Arise actually *charges* the workers for their own training. It also pays them pursuant to a system by which they are only paid for the actual minutes they are helping

1

customers on the phone (and not the time spent waiting between calls), thus resulting in widespread minimum wage violations. It also does not reimburse them for expensive equipment they must purchase to do their jobs, and deducts service fees from their pay, further depressing their wages below minimum wage. Dkt. No. 1 ¶ 43.

For well more than a decade, Arise has been repeatedly sued for these FLSA violations.[1] However, every time CSPs bring these claims against Arise, it successfully moves to compel arbitration and has prevented notice from ever being issued to other CSPs, making these CSPs unaware that they have claims that could be pursued under the FLSA. Those CSPs who have brought their claims in arbitration against Arise have won, confirming the validity of these claims and Arise's wage violations against its many thousands of employees around the country.[2] However, because Arise has successfully compelled arbitration before notice has been issued in each of these cases, it has for many years been able to

---

[1]     *See Otis v. Arise Virtual Solutions, Inc.*, No. 0:12-cv-62143 (S.D. Fla. 2013); *Steele v. Arise Virtual Solutions, Inc. See Steele*, No. 0:13-cv-62823 (S.D. Fla. 2015); *Carter v. Arise Virtual Solutions, Inc.*, No. 1:16-cv-06262 (N.D. Ill. 2018). The Department of Labor has also pursued claims against Arise. *See Su v. Arise Virtual Sols., Inc.*, 0:23-cv-61246 (S.D. Fla. 2023).

[2]     *See Steele v. Arise Virtual Sols., Inc.*, No. 0:13-cv-62823 (S.D. Fla.), Dkt. Nos. 58-4, 58-5 (Motion for Judicial Notice ("MJN") Exs. D–E) (arbitration awards finding Arise CSPs to have been misclassified as independent contractors and awarding them full damages requested for minimum wage violations, including liquidated damages).

2

keep many thousands of its current and former employees in the dark about the fact that they have these FLSA claims.

Effectively, Arise has skirted enforcement of the FLSA, and obtained a significant advantage against its competitors who comply with the law, by utilizing its arbitration agreement as an effective shield to prevent notice from ever being provided to its workers about their legal rights. This case is just the latest of repeated instances in which Arise has been able to successfully prevent notice from being issued, through defensive use of its arbitration agreement.

Plaintiff-Petitioner files this Petition for a Writ of Mandamus in order to request that this Court weigh in on this critical issue of whether—or at least under what circumstances—employers can use arbitration agreements to block their workers from receiving notice of their claims under the FLSA. No case in this Circuit has ever addressed this important question. District Courts within this Circuit have reached opposite conclusions to the District Court in this case, with some determining that notice should be issued to similarly situated individuals before addressing the enforceability of arbitration agreements. *See, e.g.*, *Rittmann v. Amazon, Inc.*, 2024 WL 4932745, at *5 (W.D. Wash. Dec. 2, 2024); *Zeman v. Twitter, Inc.*, 747 F. Supp. 3d 1275, 1286–87 (N.D. Cal. 2024). However, no appellate authority offers any guidance in this Circuit as to when or whether notice motions, or instead motions to compel arbitration, should be considered first in a

3

collective action. The District Court below provided no explanation or reasoning in denying Plaintiff-Petitioner's request for the court to consider the request for notice before considering Arise's request to compel arbitration—despite the fact that Plaintiff-Petitioner spelled out the history recited above as to how Arise has been able to avoid compliance for years with the FLSA with respect to its growing workforce.

Allowing arbitration agreements to be used willy-nilly to avoid compliance with the FLSA is not required by the Federal Arbitration Act ("FAA"), nor with U.S. Supreme Court authority. Instead, Supreme Court caselaw makes clear that notice should be issued in a collective action at the outset of a case. *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170–71 (1989). At the very least, this Court should provide some guidance to lower courts as to whether and when, in a collective action, notice should be considered before the enforceability of arbitration agreements. This case provides the perfect opportunity for this Court to address this increasingly critical issue.[3]

---

[3]     If notice is issued, and other similarly situated employees opt in to the case, but the District Court later determines that some or all of those employees are bound to arbitrate their claims, then they can pursue their claims in arbitration. Indeed, undersigned counsel have frequently brought such "mass arbitration" claims, in order to vindicate the rights of many workers who have suffered the same harm—but through the parties' chosen forum of arbitration. Without the issuance of notice, however, most employees will never know that they have a claim, nor that counsel are available and willing to pursue those claims for them in individual arbitration.

4

In this case, on November 20, 2024, the District Court granted Arise's motion to compel arbitration and denied Petitioner's motion for notice to similarly situated workers as moot. ER-006–22. The District Court later reaffirmed its decision, by denying Petitioner's motion to certify an order for interlocutory appeal in order to allow this critical issue to be reviewed by this Court (i.e., the issue of which motion should have been heard first—and how District Courts should determine which motion should be heard first). ER-002–05. The District Court did not explain its reasoning, instead only stating that the decision to decide the motion to compel arbitration first is a matter of judicial discretion. ER-003–05. The District Court failed to address the issue of Arise's chronic use of its arbitration agreement to avoid enforcement of the FLSA (or even to provide explanation as to why it would not even consider authorizing the issuance of notice before considering Arise's motion to compel arbitration). ER-003–05.

As noted, this case marks at least the *fourth* time that CSPs working for Arise have been compelled to individual arbitration without the court first deciding their motions to facilitate notice to similarly situated employees. Intervention from this Court is necessary to put a stop to the cycle of Arise skirting enforcement of the FLSA by keeping its workforce in the dark about their rights.

A writ of mandamus is a proper method for the Court to intervene and break this cycle—and provide much needed guidance to the District Courts in this Circuit

5

as to how to exercise their discretion. Indeed, each of the five factors applied by this Court in considering whether a writ of mandamus is appropriate weighs in favor of intervention. *See In re United States*, 791 F.3d 945, 955 (9th Cir. 2015).

*First*, Petitioner has no other means, other than mandamus relief, to attain the desired relief. The District Court's interlocutory order is not a final order appealable under 28 U.S.C. § 1291, and the District Court denied Petitioner's request for appeal pursuant to 28 U.S.C. § 1292(b). For this Court to intervene and address this important issue, mandamus is the only avenue.

*Second*, the issue raised by Petitioner is not correctable on appeal. Should this Court deny this Petition, Petitioner will be unable to seek meaningful redress for an important issue of law raised at the notice stage of litigation. Furthermore, Petitioner is undoubtedly prejudiced by the District Court's interlocutory order, which destroys Petitioner's ability to utilize the notice mechanism for FLSA actions as provided by the Supreme Court in *Hoffmann-La Roche*. As the Supreme Court held in that case, this notice mechanism is critical in ensuring that "the broad remedial goal" of the FLSA is "enforced to the full extent of its terms." 493 U.S. at 173.

*Third*, the District Court erred by failing to even consider Petitioner's request for notice (before deciding Arise's motion to compel arbitration) and neglecting to consider the broader context of Arise's history of avoidance of FLSA

6

enforcement, effectively taking away the rights of potential opt-in plaintiffs who have been kept in the dark about their legal rights for well more than a decade. In reaching this holding, the District Court contravened "the circuit trend," which is to first issue notice under 29 U.S.C. § 216(b) of the FLSA, and *then* to address the enforceability of arbitration agreements. *Rittmann*, 2024 WL 4932745, at \*5. By bucking the circuit trend, the District Court subverted the remedial goals of the FLSA by foreclosing workers with meritorious claims from even being notified of their rights and thus allowing them the opportunity of seeking their remedies under the FLSA.

This Court's recent decision in *Harrington v. Cracker Barrel Old Country Store, Inc.*, 142 F.4th 678 (9th Cir. 2025), does not address the issue raised here. While this Court held in *Harrington* that a district court *may* act within its discretion in approving notice to potential FLSA plaintiffs before addressing issues of arbitrability, *id.* at 684, the Court did *not* address the issue raised by this Petition: when a court *should* address notice before deciding a motion to compel arbitration, and what factors should be considered in reaching such a decision.

Because *Harrington* merely held that a district court *may* act within its discretion in deciding a notice motion first, district courts are left with no appellate guidance to help them determine whether and when notice should be considered before a motion to compel arbitration. Indeed, the District Court below, citing

7

*Harrington*, simply held that it was exercising its "substantial judicial discretion" in opting *not* to consider the notice issue first, without explaining its reasoning or addressing any of the issues raised by Petitioner concerning Arise's longstanding pattern of preventing its workers from learning of their legal rights. *See* ER-003–04 (quoting *Harrington*, 142 F.4th at 684). By failing to even take into consideration these critical issues raised by Petitioner concerning arbitration being utilized as a tool to undermine the FLSA's notice mechanism, the District Court abused its discretion.

*Fourth*, the error committed below is an "oft-repeated" error, not an isolated incident. The District Court's order is just the latest incident of Arise evading notice to its workforce, resulting in more than a decade of its ability to evade any systemic enforcement of the FLSA.

*Fifth*, and finally, the issue raised by this Petition is an important problem of first impression. As noted, this Court has yet to address under what conditions should notice be considered prior to a district court deciding whether to compel arbitration, and what factors should be considered in addressing this issue. This case is an ideal candidate for this Court's intervention and clarification on this issue, since this is a perfect example of a case in which an employer has abused the arbitration process to keep its workforce in the dark about their rights—and thus in which notice should have been considered first.

Arise has been repeatedly sued for the same issue time and time again, and employees who have pursued their claims in arbitration have been successful. Yet, due to a lack of notice to the thousands of Arise CSPs with meritorious claims, Arise has been able to expand (using practices that violate the FLSA) without being held accountable for those legal violations—thus unfairly competing with law-abiding companies who do not misclassify their employees and fueling a race to the bottom. This result clearly undermines the Supreme Court's guidance in *Hoffman-La Roche*, which emphasizes that full enforcement of the FLSA "depend[s] on employees receiving accurate and timely notice." 493 U.S. at 170.

Petitioner acknowledges that mandamus is considered extraordinary relief. However, after more than a decade of Arise succeeding in keeping its employees in the dark about their meritorious FLSA claims, it has become abundantly clear that intervention from this Court is necessary. Without the Court intervening and requiring notice, if Petitioner is correct that Arise has misclassified its large workforce as independent contractors under the FLSA, then Arise will have succeeded in evading liability for its widespread violation of federal law. To avoid such an outcome, this Petition should be granted.

## II.    JURISDICTIONAL STATEMENT

The District Court had federal question jurisdiction over Petitioner's suit pursuant to 28 U.S.C. § 1331, because Petitioner brought a claim pursuant to the

federal FLSA, 29 U.S.C. § 201 *et seq.* This Court has jurisdiction over this Petition pursuant to the All Writs Act, 28 U.S.C. § 1651, and Rule 21 of the Federal Rules of Appellate Procedure. Though petitions for a writ of mandamus generally have no timing requirement, Petitioner files this Petition within 30 days of the District Court's order denying Petitioner's request for an interlocutory appeal (issued July 29, 2025, *see* ER-002–05) to provide assurance that the writ is not "substitut[ing] for a timely appeal." *In re Ozenne*, 841 F.3d 810, 815 (9th Cir. 2016).

## III.    RELIEF SOUGHT

Petitioner requests that this Court require the District Court to address Petitioner's Motion for Conditional Certification (Dkt. No. 5) and thus consider issuing notice to Arise's CSPs, notwithstanding its (incorrect) decision to rule first on Arise's motion to compel arbitration.

## IV.    ISSUE PRESENTED

Under what circumstances should a district court address a request to issue notice to similarly situated workers in an FLSA collective action before ruling on a motion to compel arbitration—and whether the District Court abused its discretion in this case by not considering the notice motion before the motion to compel arbitration.

## V.    FACTUAL BACKGROUND

Petitioner filed a Collective Action Complaint on April 10, 2024, alleging that Arise violated the FLSA by misclassifying its workers (called "CSPs") as independent contractors and thereby avoided paying them minimum wage for all time worked, and failed to reimburse them for various expenses needed to perform their work that should have been borne by the employer and which brought their pay further below the minimum wage. Dkt. No. 1. That same day, Petitioner also filed a Motion for Conditional Certification, requesting that the District Court authorize issuance of notice to all individuals who have worked as CSPs at Arise for the past three years and were classified as independent contractors. Dkt. No. 5. More than two weeks later, on April 29, 2024, Arise filed a Motion to Compel Arbitration and to Stay Proceedings. Dkt. No. 23.

On November 20, 2024, the District Court issued an order compelling Petitioner to arbitration and staying Petitioner's claims. ER-006–22. The District Court denied Petitioner's Motion for Conditional Certification as moot. ER-021. As a basis for its decision, the District Court indicated that, although the Ninth Circuit had not yet "addressed whether a district court should or must decide a plaintiff's motion for conditional certification before or after a timely motion to compel arbitration of that plaintiff's claims," it agreed with the approach adopted by the Fifth and Seventh Circuits that "a district court must decide a motion to

11

compel arbitration before a motion for conditional certification under the FLSA because the arbitration issue is a 'threshold question.'" ER-007 (quoting *Reyna v. Int'l Bank of Com.*, 839 F.3d 373, 377 (5th Cir. 2016)). In further support of its decision, the District Court found that "judicial efficiency counsels against deciding a motion for conditional certification brought by a plaintiff who is subject to a valid arbitration agreement." ER-009.

Thus, even though other District Courts in this Circuit have considered notice motions *before* motions to compel arbitration—and thus have authorized notice before considering arbitrability, *see, e.g.*, *Rittmann v. Amazon, Inc.*, 2024 WL 4932745, at *5 (W.D. Wash. Dec. 2, 2024); *Zeman v. Twitter, Inc.*, 747 F. Supp. 3d 1275, 1286–87 (N.D. Cal. 2024), and further cases cited *infra* at 21—the District Court chose to reach to out-of-circuit precedent in addressing arbitrability first.

This case marks at least the *fourth* time that CSPs working for Arise have had their claims compelled to individual arbitration without the court first deciding their motions to facilitate notice to similarly situated employees. The first instance occurred in *Otis v. Arise Virtual Solutions, Inc.*, another collective action brought by Arise CSPs alleging violations of the FLSA. *See Otis*, No. 0:12-cv-62143-KMW (S.D. Fla. Aug. 5, 2013), Dkt. No. 41 (attached to Petitioner's concurrently filed Motion for Judicial Notice ("MJN") as Exhibit A) (granting motion to compel

12

arbitration and denying plaintiffs' Motion to Facilitate Notice as moot). The second instance occurred in *Steele v. Arise Virtual Solutions, Inc. See Steele*, No. 0:13-cv-62823-WJZ (S.D. Fla. Aug. 11, 2015), Dkt. No. 63 (MJN Ex. B) (denying Plaintiff's Motion to Dismiss All Pending Claims or in the Alternative to Certify Order for Interlocutory Appeal following court's order compelling arbitration). The third instance occurred in *Carter v. Arise Virtual Solutions, Inc.*, No. 1:16-cv-06262 (N.D. Ill. June 19, 2018), Dkt. No. 72 (MJN Ex. C) (staying case pending individual arbitration).[4]

On January 13, 2025, Petitioner moved the District Court to certify for interlocutory appeal, pursuant to 28 U.S.C. § 1292(b), the narrow question of whether notice to employees of the pendency of FLSA claims may, or under what circumstances should, precede adjudication of a motion to compel arbitration. Dkt. No. 63 at 1–2. In its motion, Petitioner noted that Arise has repeatedly evaded notice being sent out to CSPs with strong FLSA claims, contravening the broad remedial goals of the FLSA and the Supreme Court's guidance in *Hoffman-La Roche. Id.* at 11–12; Dkt. No. 67 at 1–2.

---

[4]     Notably, in other cases as well, Arise CSPs across the country have brought virtually the same suit several times over, without notice ever being issued to similarly situated workers. *See Bell v. Arise Virtual Sols., Inc.*, No. 4:21-cv-00538 (W.D. Mo. 2021); *Dowell v. Arise Virtual Sols., Inc.*, No. 0:12-cv-61947 (S.D. Fla. 2012); *Cleveland v. Arise Virtual Sols., Inc.*, No. 0:11-cv-61405 (S.D. Fla. 2011); *Perry v. AT&T Mobility & Arise Virtual Sols., Inc.*, No. 4:11-cv-01488 (N.D. Cal. 2011) (resulting in a settlement of $1.24 million for Arise CSPs across California).

13

The District Court issued an order denying Petitioner's motion to certify this issue for interlocutory appeal on July 29, 2025. ER-002–05. The District Court highlighted this Court's recent decision in *Harrington v. Cracker Barrel Old Country Store, Inc.*, 142 F.4th at 684, which "decline[d] to adopt any bright-line rule requiring district courts in all cases to make conclusive determinations regarding the arbitrability of prospective opt-in plaintiffs' claims prior to the dissemination of notice." *See* ER-004. In light of the *Harrington* decision, the District Court determined that it acted within its "substantial judicial discretion" in addressing Arise's motion to compel arbitration before addressing the issue of notice—but without explaining any reasons why it exercised its discretion in this way. ER-003–05.

## VI.   ARGUMENT

This Court has articulated five factors (often referred to as the *Bauman* factors) that are weighed in determining whether mandamus relief is appropriate:

> (1) The party seeking the writ has no other adequate means, such as a direct appeal, to attain the relief he or she desires. (2) The petitioner will be damaged or prejudiced in a way not correctable on appeal. (This guideline is closely related to the first.) (3) The district court's order is clearly erroneous as a matter of law. (4) The district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules. (5) The district court's order raises new and important problems, or issues of law of first impression.

*In re United States*, 791 F.3d 945, 955 (9th Cir. 2015) (citing *Bauman v. U.S. Dist. Ct.*, 557 F.2d 650, 654–55 (9th Cir. 1977)). These factors are not exhaustive; for

14

example, the Court may also consider "whether the petition presents an issue of law which may repeatedly evade appellate review." *In re Cement Antitrust Litig.*, 688 F.2d 1297, 1301 (9th Cir. 1982). Moreover, the *Bauman* factors are not mechanically applied, and "all of the guidelines are unlikely to be met in any one case." *Id.* Not all factors may be relevant in every case, and even a showing of only one factor does not mean the writ must be denied. *In re Mersho*, 6 F.4th 891, 898 (9th Cir. 2021).

This Court has held that the absence of the third factor—the presence of clear error—is dispositive. *Id.* "Where a petition for mandamus raises an important issue of first impression, however, a petitioner need show only ordinary (as opposed to clear) error." *San Jose Mercury News, Inc. v. U.S. Dist. Ct.-N. Dist. (San Jose)*, 187 F.3d 1096, 1100 (9th Cir. 1999) (internal quotation omitted). As this Court explained in *In re Cement*:

> [I]n supervisory mandamus cases involving questions of law of major importance to the administration of the district courts, the purpose of our review—and the reason for our correcting an error made by a trial judge—is to provide necessary guidance to the district courts and to assist them in their efforts to ensure that the judicial system operates in an orderly and efficient manner. Accordingly, in such cases we see no legitimate reason for refraining from exercising our supervisory authority where we can determine that an error has been made but cannot, for whatever reason, characterize the error as "clearly" erroneous.

688 F.2d at 1307.

As detailed below, each *Bauman* factor weighs in favor of granting this Petition.

### A.    Petitioner Has No Other Adequate Means of Seeking the Issuance of Notice to Arise's Employees with FLSA Claims

The first *Bauman* factor weighs toward mandamus relief "when no other realistic alternative is (or was) available to a petitioner." *See Cole v. U.S. Dist. Ct. for Dist. of Idaho*, 366 F.3d 813, 817 (9th Cir. 2004). Relief through appeal is unavailable where the challenged order is neither a final order appealable under 28 U.S.C. § 1291, nor an interlocutory order appealable under 28 U.S.C. § 1292. *See In re United States*, 791 F.3d at 958–59. "[A]bsent certification of a controlling question of law by the district court under 28 U.S.C. § 1292(b), [an] order compelling arbitration is not immediately appealable." *Smith v. Spizzirri*, 601 U.S. 472, 477–78 (2024). Orders on conditional certification are also not considered final judgments, generally requiring a party to utilize 28 U.S.C. § 1292(b) to seek appellate review of a question concerning conditional certification. *See Richards v. Eli Lilly & Co.*, 2025 WL 2218500, at *4 (7th Cir. Aug. 5, 2025).

Here, Petitioner is seeking appellate review of an order compelling arbitration, staying litigation, and denying the issuance of notice to similarly situated employees. Because Petitioner's attempt to seek appellate review via 28 U.S.C. § 1292(b) was denied, Petitioner's only avenue for relief from this Court is a writ of mandamus. *See In re Cement*, 688 F.2d at 1299 (noting that petition to

16

appeal pursuant to 28 U.S.C. § 1292(b) had been denied, but holding that a writ of mandamus would be reviewed on the merits). Accordingly, Petitioner has demonstrated that there are "no other adequate means of obtaining the relief desired." *See id.* at 1301 (finding this *Bauman* factor satisfied where direct appeal and discretionary interlocutory appeal were unavailable).

**B.     The Issue Petitioner Raises Concerns Notice at the Outset of FLSA Litigation and Is Thus Not Correctable on Appeal**

Petitioner requests that this Court address an issue of law that has not been previously addressed, concerning when and whether notice to similarly situated employees under the FLSA should be considered *prior to* a decision on a motion to compel arbitration; this issue cannot properly be addressed should the parties continue to litigate below without appellate intervention. As the Seventh Circuit explained in *Richards*, because conditional certification is not a final appealable decision, courts of appeal "rarely review a district court's decision to issue notice." 2025 WL 2218500, at *4. The result is that important questions of law raised at the notice stage of litigation are generally not correctable on appeal (which explains the relative dearth of federal appellate precedent regarding the issuance of notice). Because Petitioner's request to seek relief via 28 U.S.C. § 1292(b) was denied, the issue raised is not effectively correctable on appeal.

And, critically, Petitioner's right as an FLSA plaintiff is prejudiced by this lack of an avenue to appellate redress. The FLSA is a remedial statute—it was

17

passed by Congress to "aid the unprotected, unorganized and lowest paid of the nation's working population," that is, "those employees who lacked sufficient bargaining power to secure for themselves a minimum subsistence wage." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 n.18 (1945). The Supreme Court acknowledged these remedial goals in providing guidance regarding notice for collective actions in *Hoffmann-La Roche*, instructing that "[t]he broad remedial goal of the statute should be enforced to the full extent of its terms." 493 U.S. at 173.

Petitioner's ability to seek enforcement of the FLSA "to the full extent of its terms" is inextricably linked to the issuance of notice to other Arise CSPs with meritorious claims. Compelling Petitioner's case to arbitration—without even considering whether to issue notice to those who are similarly situated—effectively destroys Petitioner's right to utilize the notice mechanism as provided by the Supreme Court in *Hoffman-La Roche*. The result is that thousands of CSPs with FLSA claims are denied the benefit of "receiving accurate and timely notice," a critical component of FLSA enforcement. *Id.* at 170. Indeed, while CSPs who have brought their claims to arbitration have successfully established that they were misclassified as independent contractors, *see supra* n.2, Arise's ability to evade collective notice to its CSPs has effectively halted enforcement of the FLSA. To

18

ensure that Petitioner's and other CSPs' rights under the FLSA, as provided by

*Hoffman-La Roche*, are protected, mandamus relief is necessary.

> **C.** **In Addressing Arbitrability Before Considering Whether Notice Should Be Issued, the District Court Erred by Failing to Consider Arise's Chronic Avoidance of FLSA Enforcement**

As noted above, while courts contemplating mandamus review typically

apply a clear error standard of review, "[w]here a petition for mandamus raises an

important issue of first impression, . . . a petitioner need show only ordinary (as

opposed to clear) error." *San Jose Mercury News*, 187 F.3d at 1100 (internal

quotation omitted). This petition presents such an issue; this Court has yet to

address whether there are instances in which a court *should* address notice before

deciding issues of arbitrability, and what factors should be considered in deciding

which issue to address first. In the absence of binding authority on the issue,

district courts within the Ninth Circuit are split regarding whether notice should be

considered, or issued, when a defendant claims that all or most workers are bound

by arbitration agreements. While, as noted below, the "circuit trend" is to address

the issue of notice first, *Rittmann v. Amazon, Inc.*, 2024 WL 4932745, at *5 (W.D.

Wash. Dec. 2, 2024), courts within this circuit also "routinely consider[] motions to

compel arbitration before motions for conditional certification," *Gillespie v.

Cracker Barrel Old Country Store Inc.*, 2021 WL 5280568, at *1 (D. Ariz. Nov. 12,

2021).

19

Critically, this issue was not addressed by this Court's recent decision in *Harrington v. Cracker Barrel*, 142 F.4th 678 (9th Cir. 2025). In *Harrington*, this Court held that a district court *may* act within its discretion in approving notice to a potential FLSA collective before addressing issues of arbitrability. *Id.* at 684. However, this Court did *not* address the issue that Petitioner raises here—whether there are instances in which courts *should* address notice before deciding issues of arbitrability, and what factors should be considered in deciding the order in which a court should address these competing motions.[5] Because this is a novel issue, unaddressed by this Court, this Court should review the District Court's orders below for "ordinary error." As discussed below, the District Court's decision to rule on a motion to compel arbitration before considering a motion to issue notice— which failed to take into account Petitioner's arguments about Arise's chronic avoidance of FLSA enforcement—constituted such an error.

In recent years, a number of courts within the Ninth Circuit have agreed that the proper order of events in a case such as this is to first consider notice (and issue

---

[5]     While a district court's management orders in a collective action are reviewed for an abuse of discretion, questions of law are reviewed de novo. *Harrington*, 142 F.4th at 682. Thus, where an appellate court clarifies a legal standard regarding what order such motions should be considered in (which is what Petitioner is requesting here), the district court below abuses its discretion if it did not follow the correct standard. *See Bigger v. Facebook, Inc.*, 947 F.3d 1043, 1051 (7th Cir. 2020) (vacating an order issuing notice, since the district court abused its discretion in not applying the correct standard as clarified by the Seventh Circuit in that case).

20

it if appropriate) under § 216(b), and *then* to address the enforceability of arbitration agreements.[6] *See, e.g.*, *Rittmann*, 2024 WL 4932745, at *5 (acknowledging that deciding whether to issue notice before addressing a motion to compel arbitration is "the circuit trend"); *Zeman v. Twitter, Inc.*, 747 F. Supp. 3d 1275, 1286–87 (N.D. Cal. 2024); *Fernandez v. Tox Corp.*, 2023 WL 4141067, at *5 (C.D. Cal. June 15, 2023); *Diamond Dolls of Nev., LLC*, 2020 WL 8771230, at *2 (D. Nev. Sept. 22, 2020); *Cuevas v. ConAm Mgmt. Corp.*, 2019 WL 5320544, at *5 (S.D. Cal. Oct. 21, 2019); *Greene v. Omni Limousine, Inc.*, 2019 WL 2503950, at *3–4, 7 (D. Nev. June 15, 2019); *Saravia v. Dynamex, Inc.*, 310 F.R.D. 412, 424 (N.D. Cal. 2015); *Flores v. Swift Transp. Co.*, 2014 WL 12639089, at *4 (C.D. Cal. Oct. 30, 2014); *Harris v. Deatrick v. Securitas Sec. Servs. USA, Inc.*, 2014 WL 5358723, at *4 (N.D. Cal. Oct. 20, 2014).

Courts in other circuits have reached the same conclusion. *See, e.g.*, *Barone v. LAZ Parking Ltd., LLC*, 2019 WL 5328832, at *6 (D. Conn. Oct. 20, 2019); *D'Antuono v. C & G of Groton, Inc.*, 2011 WL 5878045, at *4 (D. Conn. Nov. 23, 2011); *Ali v. Sugarland Petroleum*, 2009 WL 5173508, at *4 (S.D. Tex. Dec. 22, 2009); *Whittington v. Taco Bell of Am., Inc.*, 2011 WL 1772401, at *5 (D. Colo.

---

[6] This practice aligns with the well established principle that deciding merits-based issues *after* notice is issued ensures that merits decisions are "informed, efficiently reached, and conclusive." *Sperling v. Hoffmann-La Roche, Inc.*, 118 F.R.D. 392, 406 (D.N.J. 1988), *aff'd*, 493 U.S. 165.

21

May 10, 2011); *Davis v. NovaStar Mortg., Inc.*, 408 F. Supp. 2d 811, 818–19 (W.D. Mo. 2005); *Villatoro v. Kim Son Restaurant, L.P.*, 286 F. Supp. 2d 807, 811 (S.D. Tex. 2003).[7]

These cases are rooted in a simple but powerful principle: it is fundamentally unfair to prospectively take away an employee's right to join in a collective action, or even receive notice of it, on the untested assumption that he or she is bound by an arbitration agreement. As the court acknowledged in *Barone*, 2019 WL 5328832, at *6:

> Excluding such employees from receiving notice would presuppose
> that the arbitration agreements are valid, even though the employees

---

[7]      Arise has attempted to distinguish this case law by arguing that no authorities exist where a court issued collective action notice before deciding a motion to compel arbitration for a *named plaintiff*. That purported distinction is not correct, since courts have regularly declined to address issues of arbitrability related, not just to putative opt-ins, but also to named plaintiffs, before issuing class or collective notice. *See, e.g.*, *Rittmann*, 2024 WL 4932745, at *4–5 (authorizing notice, even though Amazon expressed its intent to move *again* to compel arbitration with respect to the named plaintiffs that had joined the case); *Greene*, 2019 WL 2503950, at *3–4, 7 (addressing notice first, even though the defendant had contended that arbitration agreements bound named plaintiffs and members of the putative collective); *Brooks v. C.H. Robinson Int'l, Inc.*, 2017 WL 10506772, at *2 (W.D. Mo. May 9, 2017) (finding that arbitrability is a merits-based determination that should be decided following the issuance of notice, and not distinguishing between the potential arbitrability of the named plaintiffs' claims as compared to the claims of potential opt-in plaintiffs); *Davis v. Four Seasons Hotel Ltd.*, 2011 WL 4590393, at *3–4 (D. Haw. Sept. 30, 2011) (finding that arbitrability issues, including the arbitrability of the claims of three named plaintiffs, did not bar class certification); *Sanchez v. Simply Right, Inc.*, 2017 WL 2230079, at *5 (D. Colo. May 22, 2017) (finding that arbitrability issues, including the arbitrability of the claims of five named plaintiffs, should be addressed at the decertification stage).

> who signed the agreements may very well have a legitimate challenge
> to their validity or enforceability. Excluding such employees from
> receiving notice could foreclose their opportunity to challenge the
> agreements or to attempt to vindicate their rights, whether in court or
> arbitration.

*See also D'Antuono*, 2011 WL 5878045, at *4 (finding that determinations of

arbitrability "cannot automatically be applied to the arbitration agreements of all

other exotic dancers who have not had a chance to contest, on their individual

facts, the applicability of their agreements").[8]

Moreover, by prospectively taking away the rights of potential opt-in

plaintiffs, deciding a motion to compel arbitration before considering the issuance

of notice subverts the remedial goals of the FLSA. As the Supreme Court

explained in *Hoffman-La Roche*, full enforcement of the FLSA may only be

realized where "employees receiv[e] accurate and timely notice concerning the

pendency of the collective action, so that they can make informed decisions about

whether to participate." 493 U.S. at 170. In the lower court decision affirmed by

the Supreme Court in *Hoffman-La Roche*, the District Court of New Jersey

similarly recognized the instrumental role district courts play in enforcing statutory

---

[8]     Indeed, even if an arbitration agreement itself has been previously held to be
enforceable, that is not to say that the agreement will be enforceable as to all
potential opt-ins, who may have their own individual grounds for challenging the
agreement's enforceability against them. *D'Antuono*, 2011 WL 5878045, at *4.

23

rights subject to § 216(b) (in that context, the Age Discrimination in Employment

Act), stating:

> If courts refrain from facilitating notice to missing class members, the
> enforcement of ADEA remedies for violations which victimize a
> group of people will be limited only to those victims who are already
> known to their "champion," or who are fortunate enough to hear and
> heed "the vagaries of rumor and gossip," or who are courageous
> enough to recognize the wrong done them and sue on their own. The
> ADEA cannot tolerate the piecemeal remediation which would
> thereby result, at least in those instances where the discriminatory act
> has victimized a large number of people.

*Sperling*, 118 F.R.D. at 403 (internal citations omitted). In other words, sending

notice advances the FLSA's enforcement mechanism, which relies "not upon

'continuing detailed federal supervision or inspection of payrolls,' but upon

'information and complaints received from employees seeking to vindicate rights

claimed to have been denied.'" *Kasten v. Saint-Gobain Performance Plastics

Corp.*, 563 U.S. 1, 11–12 (2011) (quoting *Mitchell v. Robert DeMario Jewelry,

Inc.*, 361 U.S. 288, 292 (1960)). Employees cannot vindicate rights of which they

are not aware.

Courts have explicitly acknowledged the importance of issuing notice before

deciding issues of arbitrability in honoring the Supreme Court's directive to

facilitate enforcement of the FLSA, whether that enforcement occurs in court or in

arbitration. As the court explained in *Barone*, one purpose of the FLSA's notice

mechanism is "to start a conversation among employees, so as to ensure that they

are notified about potential violations of the FLSA and meaningfully able to vindicate their statutory rights." 2019 WL 5328832, at *6 (internal quotation omitted). Excluding those who may have signed arbitration agreements from receiving notice not only forecloses their opportunity to challenge the enforceability of these agreements, but also prevents these individuals from effectively vindicating their rights, "whether in court *or arbitration.*" *Id.* (emphasis added).

FLSA enforcement is advanced even in instances where those who have entered into arbitration agreements receive notice. As the court explained in *D'Antuono*, even workers who have signed arbitration agreements should receive notice, since individuals with enforceable agreements will still be able to proceed with enforcing the FLSA in arbitration. 2011 WL 5878045, at *5. Furthermore, the court in *Rittmann* noted that issuing timely notice to individuals who may be bound by arbitration agreements is a "necessary consequence of the FLSA's remedial language." 2024 WL 4932745, at *5 (citing *Hoffman-La Roche*, 493 U.S. at 173).

This case is a paradigmatic example of how deciding issues of arbitrability before issuing notice can subvert the remedial goals of the FLSA. Because courts have repeatedly (on at least four occasions) compelled Arise CSPs to arbitration without deciding whether to issue notice first, Arise has effectively been able to keep thousands of CSPs in the dark about their claims for well more than a decade.

25

The result has been widespread underenforcement of the FLSA, undermining basic guarantees of federal minimum wage to workers around the country. These CSPs deserve an opportunity to vindicate their rights under the FLSA, which, as the Supreme Court acknowledged in *Hoffman-La Roche*, depends on workers "receiving accurate and timely notice." 493 U.S. at 170.

In denying Petitioner's request for interlocutory appeal, the District Court failed to take these factors into consideration, and did not even explain its reasoning, only holding that the decision to decide issues of arbitrability before issuing notice is a matter of "substantial judicial discretion." ER-004 (quoting *Harrington*, 142 F.4th at 684). This failure to even consider the broader context of Arise chronically evading enforcement of the FLSA contravened the Supreme Court's affirmation of the importance of the issuance of notice in effectuating full enforcement—and thereby constituted an abuse of discretion. To ensure that arbitration agreements are not utilized as a tool to circumvent the FLSA's critical notice mechanism, this Court should provide guidance to district courts in determining whether notice should be issued when a defendant claims that all or most workers are bound by arbitration.

### D.  The District Court's Order Denying Notice Perpetuated a Pattern of Arise Evading FLSA Enforcement

The fourth *Bauman* factor for mandamus relief is satisfied where the reviewing court is presented with an "oft-repeated error." *In re United States*, 791

F.3d at 960. The Court examines whether the error committed by the District Court is an "isolated occurrence," i.e., whether similar orders have been issued in other cases. *Id.*

This *Bauman* factor is clearly satisfied here. As noted above, the District Court's order marks at least the *fourth* instance in which courts have declined to issue notice to CSPs due to arbitrability issues. *See* MJN Exs. A–C (prior district court orders). In other words, this is no isolated incident; the District Court's order is just the latest instance of Arise evading the issuance of notice to CSPs for over a decade. Because this is a chronic issue that has effectively resulted in underenforcement of the FLSA, intervention from this Court is necessary to finally ensure that Arise's employees are made aware of their rights and have the opportunity to hold Arise liable for violating federal law.

### E.    Petitioner Is Raising an Important Issue of First Impression

The fifth and final *Bauman* factor addresses whether the District Court's order raises "important problems" or "issues of first impression." *In re United States*, 791 F.3d at 960. As noted above in establishing the proper standard of review, Petitioner is raising an issue of first impression to the Court. While this Court recently clarified that a district court *may* act within its discretion when issuing notice before resolving issues of arbitrability, *see Harrington*, 142 F.4th at 684, the Court has yet to provide any guidance on the factors that should be

considered when determining whether notice should be considered before addressing a motion to compel arbitration. The District Court's order denying Petitioner's request for an interlocutory appeal exemplifies the problems posed by the lack of authority on this issue. The District Court affirmed that it *could* decide the motion to compel arbitration before addressing the motion to issue notice (even though the notice motion was filed first)—without even explaining its reasoning (and not even addressing the points regarding the chronic underenforcement of the FLSA against Arise, raised by Petitioner).

Moreover, as detailed above, this is an issue of great importance. The notice mechanism is a critical tool of the FLSA's enforcement; without it, employees are effectively precluded from vindicating their rights. The necessity of notice is all the more critical here, where tribunals have found that Arise misclassified its employees as independent contractors and committed minimum wage violations. *See* MJN Exs. D–E. Thus, even though they have meritorious claims, Arise's CSPs remain caught in a cycle in which district courts have repeatedly denied the issuance of notice due to Arise's wielding of its arbitration agreements.

While the courts have supported arbitration particularly over the last decade, they have not countenanced their use—such as in this case—as an effective *defense* against enforcement of federal wage law, the FLSA. Arbitration is simply supposed

28

to be an alternative forum for adjudicating disputes, not a mechanism for employers to evade their responsibilities under the law.

Here, after more than a decade of Arise's workforce being kept in the dark about their rights, intervention from this Court is necessary to address this critical issue of first impression—and ensure that Arise is not permitted to continue wielding its arbitration agreement in order to effectively evade enforcement of the FLSA.

## VII.  CONCLUSION

For the foregoing reasons, Petitioner requests that the Court grant this Petition for a Writ of Mandamus and order that the District Court consider issuing notice to similarly situated employees.

Dated: August 28, 2025                    Respectfully Submitted,

DIAVION DE NIRO,
individually and on behalf of all others
similarly situated,

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
sliss@llrlaw.com

## CERTIFICATE OF COMPLIANCE

This petition complies with the word limit of Circuit Rules 21-2(c) and 32-3(2) because it contains 7,147 words, excluding the portions exempted by Federal Rules of Appellate Procedure 21(d) and Circuit Rule 21-2(c). and This petition complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 32(a)(5)(A) and (6) because it has been prepared using Microsoft Word in 14-point, Times New Roman font.

Dated: August 28, 2025          Respectfully Submitted,

                                /s/ Shannon Liss-Riordan
                                Shannon Liss-Riordan

                                *Attorney for Petitioner*

## CERTIFICATE OF SERVICE

I certify that on August 28, 2025, I electronically filed the foregoing petition

with the Clerk of the Court for the U.S. Court of Appeals for the Ninth Circuit

using the ACMS system. On the same day, I also caused the petition to be served

by mail and email on the following recipients:

Adam P. KohSweeney
Katy (Yin Yee) Ho
O'Melveny & Myers LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
akohsweeney@omm.com
kho@omm.com
(415) 984-8700

Dora V. Lane
Ascent Law, PC
5470 Kietzke Lane, Suite 300
Reno, NV 89511
dora@ascent-employmentlaw.com
(775) 671-6171


Pursuant to FRAP 21(a)(1), I provided the District Court with a copy of this

Petition via ECF and email.



Dated: August 28, 2025                    Respectfully Submitted,

                                          /s/ Shannon Liss-Riordan
                                          Shannon Liss-Riordan

                                          *Attorney for Petitioner*